1
2
3
4
5
6
7



8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   COLFIN AI-CA 5, LLC,                    )        NO. CV 14-977-UA (DUTYx)
                                             )
12          Plaintiff,                       )
                                             )
13       v.                                  )
                                             )
14   YADIRA ILIANA GONZALES, et al.,         )        ORDER SUMMARILY
                                             )        REMANDING IMPROPERLY
15          Defendants.                      )        REMOVED ACTION
                                             )
16                                           )
                                             )
17   _____)

18          The Court will summarily remand this unlawful detainer action to state court

19   because it was improperly removed from the state court by defendant Mehrad

20   Khalilirad ("Defendant").

21          Specifically, on February 7, 2014, Defendant, having been sued in a

22   routine unlawful detainer action in California state court, lodged a Notice of

23   Removal ("Notice") of that action to this Court and also presented an application

24   to proceed in forma pauperis.  The Court has denied the latter application under

25   separate cover because the action was not properly removed.  Further, the Court

26   also issues this separate order remanding the action to the state court to prevent

27   the action from remaining in jurisdictional limbo.  Remand is necessary because

28   Plaintiff could not have brought this action in federal court in the first place, and

1  Defendant does not competently allege facts supplying either diversity or

2  federal-question jurisdiction. Therefore, Defendant's removal is improper. 28

3  U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546,

4  563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of

5  citizenship exists, the amount in controversy does not exceed the

6  diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On

7  the contrary, the unlawful detainer complaint recites that the amount in

8  controversy does not exceed $10,000. Plaintiff's unlawful detainer action also

9  fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

10  The Court also takes judicial notice of Colfin Al-CA 5, LLC v. Gonzales,

11  Khalilirad, et al., Case No. 14-180-ODW-SH ("Gonzales I"), which was removed

12  to this district on January 8, 2014. See Headwaters Inc. v. United States Forest

13  Service, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket

14  in another case). In Gonzales I, Defendant lodged a similar notice of removal

15  based on the same property and the same unlawful detainer complaint filed in

16  Los Angeles County Superior Court. Compare Gonzales I, Dkt. No. 1, Ex. 1 with

17  Notice, Ex. 1. On January 23, 2014, the district court remanded the action to Los

18  Angeles County Superior Court for lack of subject-matter jurisdiction. Gonzales I,

19  Dkt. No. 5.

20  Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

21  Superior Court of California, Los Angeles County, 1725 Main Street, Santa

22  Monica, CA 90401 for lack of subject-matter jurisdiction pursuant to 28 U.S.C.

23  § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

24

25  DATED: 2/25/14

26  GEORGE H. KING
   United States District Judge

27

28

2